UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH E. BOUTTE (#389607)                       CIVIL ACTION

VERSUS

15TH J.D.C. D.A. AND JUDGE, ET AL.               NO. 17-0169-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 8, 2017.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSEPH E. BOUTTE (#389607)**                                  **CIVIL ACTION**

**VERSUS**

**15TH J.D.C. D.A. AND JUDGE, ET AL.**                **NO. 17-0169-SDD-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, a person confined at the La Salle Correctional Facility, Olla, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against 15th Judicial District Court Judge Jules D. Edwards, 15th Judicial District Court District Attorney Keith Stutes, and 15th Judicial District Court Ass't District Attorney Alan Haney, complaining that Defendants have failed or refused to recalculate his release date after his original 7-year sentence was reinstated by the Louisiana Court of Appeal for the Third Circuit.   Plaintiff asserts that he is eligible for work-release, and he prays for compensatory damages "for loss of wages and pain and suffering and emotional distress."

Under the provisions of 28 U.S.C. § 1391(b)(1) and (2), a civil action may generally be brought in a judicial district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.   Further, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a case filed in a Court of improper or inconvenient venue may be transferred, in the interest of justice and for the convenience of the parties and witnesses, to a district in which it could have been brought.   In the instant case, inasmuch as Plaintiff and Defendants reside in the Western District of Louisiana, inasmuch as Plaintiff's claims relate to events occurring in the Western District, and inasmuch as the principal witnesses related to Plaintiff's claims are likely located in the Western District, the Court believes that it is in the interest of justice to transfer this

case to the Western District of Louisiana where the evidence and witnesses will more likely be easily located and produced.

## RECOMMENDATION

It is recommended that this matter be transferred to the Western District of Louisiana for further proceedings. It is further recommended that a determination regarding Petitioner's right to proceed as a pauper herein be deferred to the transferee court for resolution and disposition.

Signed in Baton Rouge, Louisiana, on June 8, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**